Providence Superior Court

| | |
|---|---|
| Stephen G Rollins, | : Case No.: No. |
| Plaintiff, | : Habeas Corpus |
| vs. | : 05 594 T |
| State of Rhode Island, | : |
| Defendant | : |

(A)

Here comes petitioner Stephen G Rollins asking this court for a petition, for write of habeas corpus. Under RI GL 10.91.

(B)

Petitioner is now serving a 18 year sentence at the ACI given to him by the court on 8/14/97 under case numbers: PL\96-4214 PL\9724-07 PL\97-2406 PL\96-4437.

(C)

Petitioner Say that he is being held in custody against laws of the state and the United States Constitution.

FILED
SEP 15 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

FACTS

(I)

Petitioner has been at the ACI for the last 6 years, 8 months by virtue of a unconstitutional law - policy - passed by

the general assembly: Gun court calendar, title 8, chapter 8-2 superior court, section 8-2-15.1.

(II)

Section 8-2-15.1 created a classification that is unjust, arbitrary, and discriminatory in violation of the equal protection guarantees of the fourteenth amendment, and due process clause of the constitution.

(III)

Petitioner suffered a miscarriage of justice when the court used the section 8-2-15.1 procedure, to enforce the substantive laws in his case without gun court policy. Petitioner would have had a more favorable outcome in his case in violation of the constitution.

(IV)

Said Policy: Gun court calendar, Title-8 chapter 8-2 superior court section 8-2-15.1 does violate the equal protection clause under the Fifth Amendment of the constitution regards to the above mention policy. The policy turns the procedure of justice into punishment, unequal access to the law.

(V)

The Legislation passed by the general assembly section 8-2-15.1 of the superior court. Obtrudes into the judicial branch powers. Also the section 8-2-15.1 is in violation of the ex post

facto law, of the constitution, as in making the substantive law in excess as to what there on book and alters the consequences and situation of the petitioner to a disadvantage.

(VI)

The gun court calendar legislation passed by the general assembly that: In effect made new penalties (i.e. Imposing prison terms that must be served, Making a separate court calendar based on a suspect classification, No continuances or postponements), and petitioners file being put on the fast track, red flagged. Did violate the equal protection doctrine of the fourteenth amendment and due process clause of the constitution.

(VII)

Petitioner say: The legislation the general assembly passed did make a perversion of court process in the superior court, and made the judicial process that the petitioner did receive from the court, from the beginning to the end, without the law, in violation of the Fourteenth Amendment and due process clause of the U.S. Constitution.

(VIII)

Petitioner Say That the general assembly and superior court did act under, "color of state law". And beyond the bounds of their lawful authority did violate petitioner's rights under the fourteenth amendment of the U.S. Constitution.

## Argument

(A)

The general assembly, under the passed legislation: Title 8 Chapter 8-2 gun court calendar, superior court section, 8-2-15.1 marked (F)- use of section said. "Under no circumstances shall the defendant(s), be permitted to use this section as a basis for a dismissal of an action. As this section is enacted for the benefit and convenience of the superior court", the policy, of the general assembly saying that: it is a convenience, for the court, a line must be drawn! As to the petitioner interest affected, by this benefit and convenience, passed as if it was a (compelling state interest) by the general assembly.

(B)

As stated in-facts-The petitioner's substantive rights were violated under the constitution, I[illegible]n, by not having the courts-open under the same conditions as everyone-else-By virtue of a, policy-law-passed, that viewed by any (judicial scrutiny test) is in violation of the constitution.

(C)

If only the general assembly was, enacting section 8-2-15.1 and their reason, was for the convenience of the court, they still made "classification" and penalty's anew and I believe that: (First) they should have seen how petitioner, interest

were going to be affected. (Second) The risk of an erroneous deprivation of such interest, through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards and finally, the states interest, including the function involved and the fiscal and administrative burden and cost, that it would entail.

(D)

Petitioner first came before the court on 11/6/96, in regards to this matter. Was on SSI in bad physical shape and worse as to my mental condition. I do believe, that by victim of- section 8-2-15.1 that not only, the forgone, was not taken into all account, but no regard was given to my constitutional rights, as well. I believe that, the rights to due process is conferred "not by legislative grace, but by constitution guarantee, for all the before said, I hope that the court will consider this, as the law decides.

## Relief

(1)

That the court right the wrong, enclosed. That the court grants this petition, for a write of habeas corpus, and release petitioner from said unlawful confinement.

Oath

Petitioner says that he has no money for said justice, that he asks for.

Respectfully Submitted

Stephen G Rollins

Subscribed and sworn to before me this 18 day of Sept. 2003.

William Tambor 7-21-03

Notary Public

Certification

I hereby certify that a true copy of a petition for a writ of Habeas Corpus was given to A.G. office on this 18 day of Sept. 2003.

Stephen G Rollins

Stephen G Rollins

PO Box 8200

Cranston, RI 02920